IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

LORENZO NUNEZ-ELIAS,

    Petitioner,

vs.

DONALD STEIN; ERIC HOLDER,
Attorney General; and DHS-ICE
General Counsel,

    Respondents.

CIVIL ACTION NO.: CV512-053

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Lorenzo Nunez-Elias ("Nunez"), an inmate currently incarcerated at D. Ray James Prison in Folkston, Georgia, has filed a petition for writ of habeas corpus pursuant to the provisions of 28 U.S.C. § 2241. Respondents filed a Motion to Dismiss, and Nunez has filed a Response. For the following reasons, Respondents' Motion should be **GRANTED**.

## STATEMENT OF THE FACTS

Nunez was convicted in the Western District of Texas after he pled guilty to unlawful re-entry of a removed alien, in violation of 8 U.S.C. § 1326. The trial court sentenced him to 36 months' imprisonment. (Doc. No. 9-2, p. 3). Nunez did not file a direct appeal.

Nunez filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 in the trial court. In that motion, Nunez asserted that he is a citizen of the

United States because his father was a United States citizen who met the residency requirements at the time of Nunez's birth so as to convey derivative citizenship to him. Nunez also asserted that his conviction for illegal re-entry could not stand. (Id. at pp. 3-4). The trial court found Nunez procedurally defaulted his claim because he failed to file a direct appeal after his conviction. The trial court also found that Nunez did not carry his burden to demonstrate his actual innocence of illegal re-entry to overcome his procedural default and denied his motion. (Id. at p. 10).

In this petition, Nunez contends that he is a citizen of the United States and that he was convicted wrongfully under 8 U.S.C. § 1326. Nunez alleges that it would be unconstitutional to deport him, as he is a United States citizen. Nunez seeks a declaration that he is a United States citizen and is entitled to relief pursuant to § 2241. Respondents contend that Nunez does not meet the requirements of 28 U.S.C. § 2255's savings clause, and, accordingly, his petition should be dismissed.

## DISCUSSION AND CITATION TO AUTHORITY

Ordinarily, an action in which an individual seeks to collaterally attack his conviction should be filed under 28 U.S.C. § 2255 in the district of conviction. 28 U.S.C. § 2255; Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir. 2003). However, in those instances where a section 2241 petition attacking custody resulting from a federally imposed sentence is filed, those § 2241 petitions may be entertained where the petitioner establishes that the remedy provided under 28 U.S.C. § 2255 "is inadequate or ineffective to test the legality of his detention." Wofford v. Scott, 177 F.3d 1236, 1238 (11th Cir. 1999). Section 2255 provides:

> An application for a writ of habeas corpus [pursuant to 28 U.S.C. § 2241] in behalf of a prisoner who is authorized to apply for relief by motion

2

Rev. 8/82

> pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255(e) (emphasis supplied). The petitioner bears the initial burden of presenting evidence that affirmatively shows the inadequacy or ineffectiveness of the § 2255 remedy. Ramiro v. Vasquez, 210 F. App'x 901, 904 (11th Cir. 2006).

Nunez has styled his action as a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. Nunez asserts that his petition should not be considered to be a section 2255 motion because his petition is based on a claim that "American citizenship must be intentionally relinquished." (Doc. No. 11, p. 1). However, a review of Nunez's petition reveals that he seeks the invalidation of his conviction, which is relief properly brought before a court in a § 2255 motion.

Courts which have addressed whether remedies under § 2255 are inadequate or ineffective have found them to be so in very limited circumstances. See In re Dorsainvil, 119 F.3d 245, 248-49 (3d Cir. 1997) (holding that § 2255 remedy inadequate when intervening change in law decriminalizes conduct and defendant is barred from filing successive motion); Cohen v. United States, 593 F.2d 766, 771 n.12 (6th Cir. 1979) (holding that § 2255 remedy ineffective where defendant was sentenced by three courts, none of which could grant complete relief); Stirone v. Markley, 345 F.2d 473, 475 (7th Cir. 1963) (explaining that § 2255 remedy potentially ineffective where sentencing court refused to consider a § 2255 motion or unreasonably delayed consideration of motion); Spaulding v. Taylor, 336 F.2d 192, 193 (10th Cir. 1964)

AO 72A
Rev. 8/82)

(holding that § 2255 remedy ineffective when sentencing court was abolished). None of the circumstances of these cases exists in the case *sub judice.*

To successfully use a § 2241 petition to circumvent the procedural restrictions of a § 2255 motion, a petitioner must satisfy the savings clause of § 2255. The savings clause of § 2255:

> applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Wofford, 177 F.3d at 1244.

Nunez fails to present evidence that his claims are based on a retroactively applicable Supreme Court decision, that he was convicted of a non-existent offense, or that he was foreclosed on a previous occasion from making the same allegations as he does in the instant petition. Simply because the District Court for the Western District of Texas denied Nunez's claims as procedurally defaulted does not mean that section 2255's remedy is inadequate or ineffective. Nunez has not satisfied the requirements of § 2255's savings clause. See Wofford, 177 F.3d at 1244; see also Dean v. McFadden, 133 F. App'x 640, 642 (11th Cir. 2005) (noting that all three requirements of the Wofford test must be satisfied before section 2255's savings clause is satisfied). Because Nunez has not satisfied the requirements of § 2255's savings clause, he cannot "open the portal" to argue the merits of his claim. See Wofford, 177 F.3d at 1244 & n.3; see also Dean, 133 F. App'x at 642.

Nunez cannot circumvent the requirements for § 2255 motions by styling his petition for habeas corpus as being filed pursuant to § 2241. "[W]hen a federal

O 72A
Rev. 8/82)

prisoner's claims fall within the ambit of § 2255, the prisoner is subject to that section's restrictions." Medberry v. Crosby, 351 F.3d 1049, 1061 (11th Cir. 2003). Nunez is doing nothing more than "attempting to use § 2241. . . to escape the restrictions of § 2255." Wofford, 177 F.3d at 1245.

The Court is mindful that alien inmates can bring derivative citizenship claims in § 2241 proceedings under certain conditions. See Sundar v. INS, 328 F.3d 1320, 1323 (11th Cir. 2003). However, such claims characteristically involve challenges to the removal proceedings themselves, whereas Nunez's primary contention is that he is innocent of his federal conviction—a claim that falls within the province of § 2255 on collateral attack.

Moreover, even if Nunez were only seeking to challenge the denial of his derivative citizenship claim instead of the validity of his conviction, the claim would be subject to dismissal for lack of subject matter jurisdiction. Contrary to Nunez's assertion that he is exempt from the exhaustion requirement, (Doc. No. 1, pp.13-15), federal courts "lack jurisdiction to consider [derivative citizenship claims denied in removal proceedings] that have not been raised before the [Board of Immigration Appeal]." Sundar, 328 F.3d at 1323-24. This jurisdictional exhaustion requirement applies with equal force in habeas proceedings. Id. at 1324. Finally, the Court notes that judicial review of an exhausted derivative citizenship claim originally raised in removal proceedings is properly sought "before the appropriate court of appeals, not a district court." Henriciuez v. Ashcroft, 269 F. Supp.2d 106, 108 (E.D. N.Y. 2003) (citing 8 U.S.C. § 1252(b)(5)).

In sum, Nunez has failed to raise a claim for relief that is cognizable under § 2241, and the instant petition should therefore be dismissed.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Respondent's Motion to Dismiss be **GRANTED**. It is also my **RECOMMENDATION** that Nunez's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 18th day of September, 2012.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
Rev. 8/82)